UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONTINENTAL RESOURCES, INC.** | **MISCELLANEOUS ACTION** |
| **VERSUS** | **NO: 06-0200** |
| **PXP GULF COAST, INC., ET AL** | **SECTION: "S" (4)** |

### ORDER

Before the Court is a **Motion to Quash, Or, Alternatively, Modify Subpoena Duces Tecum For Document Production Only (doc. #1)** filed by the defendants PXP Gulf Coast, Inc., and PXP Louisiana (collectively "PXP") seeking an order from this Court quashing, or alternatively, modifying a subpoena issued by Continental Resources Inc., and served on Century Exploration New Orleans, L.L.C (hereinafter "Century"). The subpoena was issued pursuant to a case currently pending in the Western District of Oklahoma. Century is not a party to the Oklahoma litigation.

Continental filed an opposition motion and concurrently filed a **Motion to Compel Century Exploration New Orleans, Inc., to Comply with the Subpoena as Issued (doc. #17)**. The Court addresses both PXP's motion and Continental's motion in this Order.

The matter was heard by oral argument on March 29, 2006.

### I.   Factual and Procedural Background

Continental entered into an agreement entitled the Joint Exploration Breton Sound Agreement with PXP's predecessor in interest 3TEC. At some point, the parties entered into another agreement

modifying the original agreement and expanding the Area of Mutual Interest ("AMI"). These agreements and modifications provided that if one of the parties acquired any royalties or mineral rights within the AMI, the other party would be entitled to participate. 3TEC subsequently assigned its interest under the agreement to PGC which in turn, assigned its interest to PXP.

Continental alleges that PXP or PGC secretly obtained oil and gas leases in the AMI without notifying Continental of the acquisition and then entered into an agreement covering these leases with Century. Continental alleges that Century and PXP acquired these leases through "straw men" Petro-Land Resources, Inc. ("Petroland") and Cypress Energy Corporation ("Cypress"). Continental alleges it demanded to participate in the AMI, but its demand was ignored.

In its counterclaim, PXP alleges that due to an oversight and mistake, Continental was not offered 5% of the interest in leases covered under the AMI. PXP claims that Continental seeks an interest of 10% in the leases.

**II.     The Subpoena**

The subpoena issued by Continental to Century seeks the production of ten categories of documents, however, PXP only objects to the first eight categories.

1.      Continental seeks all documents discussing or relating to any contracts or agreements assigning, selling, conveying, or transferring any interest in Louisiana state leases on or after January 1, 2002, between Petroland and Century (New Orleans), Century (Houston), Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

2.      Continental seeks all documents discussing or relating to any contracts or agreements assigning, selling, conveying, or transferring any interest in Louisiana state leases on or after January 1, 2002, between Cypress, and Century (New Orleans), Century (Houston), Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

3.      Continental seeks all documents discussing or relating to any services rendered on

Louisiana state leases on or after January 1, 2002, between Petroland and Century (New Orleans), Century (Houston), Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

  4. Continental seeks all documents discussing or relating to any services rendered on Louisiana state leases on or after January 1, 2002, between Cypress and Century (New Orleans), Century (Houston), Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

  5. Continental seeks all contracts and agreements on or after January 1, 2002, between Century (Houston), Century (New Orleans) Century (International), Century Exploration, and Plains Exploration & Production Company, 3TEC, and PXP.

  6. Continental seeks all documents evidencing or relating to communications on or after January 1, 2002, between Century (Houston) and Petroland, Cypress, Century (New Orleans) Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

  7. Continental seeks all documents relating to areas of mutual interest, joint exploration, contracts or agreements entered into on or after January 1, 2002, relating to any state of Louisiana leases between Century (Houston) and Petroland, Cypress, Century (New Orleans) Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

  8. Continental also seeks all prospectuses or similar information relating to any state of Louisiana leases on or after January 1, 2002, between Century (Houston) and Petroland, Cypress, Century (New Orleans) Century (International), Century Exploration, Plains Exploration & Production Company, 3TEC, and PXP.

**III.** **The Motion to Quash or Modify**

  PXP filed the instant motion seeking to quash or modify the subpoena alleging that the subpoena is overbroad and seeks information not relevant to the pending suit and also requires the disclosure of

trade secrets or other confidential information. PXP alleges that the information Continental seeks is well outside the scope of the Oklahoma litigation because it seeks information unrelated to the mineral interests at issue in the pending suit. Further, PXP alleges that the requests require the disclosure of trade secret or other confidential research, development, or commercial information.

PXP seeks an order quashing the subpoena, or alternatively, limiting the subpoena to areas of inquiry relating to the AMI's in the agreements between Continental and 3TEC that form the basis of the suit.

Continental alleges that the documents sought by the subpoena are relevant because it alleges that PXP's intent was to secretly coax Continental out of its drilling rights so that PXP could reap the profits of those rights with Century. Thus, the relationship between PXP, Century, and its straw men Petroland and Cypress, is relevant to the litigation in this case.

Continental further alleges that PXP has not properly shown that the documents sought are confidential, nor does their confidentiality preclude their disclosure. Continental contends that it does not oppose the entry of a protective order if the Court finds that the information sought by the subpoena is confidential or proprietary.

**IV.    Relevancy**

Continental's amended complaint deals solely with its rights in the AMI, and the alleged breach of its rights under the Agreements. All of its claims flow from the alleged breach of the agreement by PXP. However, the subpoena seeks essentially all information Century has relating to any and all state of Louisiana leases entered into after January 1, 2002 between itself and Petroland, Cypress, Plains Exploration & Production Company, 3TEC, PXP, Century (Houston), Century (International), and Century Exploration. Thus, the information sought by Continental is well beyond the scope of the AMI's found in the agreements and what is contemplated in the amended complaint.

Therefore the Court concludes that the discovery requests are overbroad and seek information

unrelated to the pending suit in the Western District of Oklahoma. Accordingly, this Court concludes that the subpoena should be modified so as to limit the requests to information regarding the AMI's articulated in the original agreements between Continental and 3TEC. During the hearing, the parties consented to producing the documents subject to a protective order. The parties agreed to submit a proposed protective order to this Court for consideration.

Accordingly,

**IT IS ORDERED** that the PXP's **Motion to Quash, Or, Alternatively, Modify Subpoena Duces Tecum For Document Production Only (doc. #1)** is **GRANTED IN PART** and the subpoena is modified as to limit the requests to information regarding the AMI's articulated in the original agreements between Continental and 3TEC, and **DENIED IN PART** to the extent that PXP seeks to quash the subpoena.

**IT IS FURTHER ORDERED** that the documents shall be produced subject to a protective order to be jointly executed by the parties and submitted to this Court within ten of the of the signing of this Order.

**IT IS FURTHER ORDERED** that Continental Resources's **Motion to Compel Century Exploration New Orleans, Inc., to Comply with the Subpoena as Issued (doc. #17)** is **DENIED as MOOT**.

New Orleans, Louisiana, this 11th day of April, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**